# In the United States Court of Federal Claims

No. 25-2073C
Filed: March 9, 2026

---

**MICHELLE LYNN ADAMS,**

    *Plaintiff,*

**v.**

**UNITED STATES,**

    *Defendant*.

---

## ORDER

  The plaintiff, Michelle Lynn Adams, proceeding *pro se*, filed this action on December 5, 2025; the case was docketed on December 8, 2025.  The plaintiff also filed a motion for leave to proceed *in forma pauperis*; that motion was granted on January 6, 2026.  On February 4, 2026, the defendant filed a motion to dismiss under Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").  The plaintiff responded to the defendant's motion on March 5, 2026.

  In 2010, the plaintiff, then a federal employee, was convicted of bribery under 18 U.S.C. § 201.  In her complaint, the plaintiff alleges that following her conviction the government seized, through asset forfeiture, approximately $775,000, which included the value of her condominium in Miami Beach, Florida.  The plaintiff alleges that the forfeiture constituted an illegal exaction because the indictment against her did not contain the necessary allegations for bribery, and because she was convicted of an offense for which forfeiture is not authorized.

  In moving to dismiss under RCFC 12(b)(1), the defendant argues that the statute of limitations has expired on the plaintiff's illegal exaction claim, and that the Court of Federal Claims lacks jurisdiction to review the orders of other federal courts.

  Jurisdiction is a threshold matter that a court must resolve before it addresses the merits of a case.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  Before considering the merits of a plaintiff's claims, a court must first determine that it has jurisdiction to hear the case.  *St. Bernard Parish Gov't v. United States*, 916 F.3d 987, 992-93 (Fed. Cir. 2019).

  The plaintiff is proceeding *pro se*, so her pleadings are entitled to a more liberal construction than they would be given if prepared by a lawyer.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  Giving a *pro se* plaintiff's pleadings a liberal construction does not divest the plaintiff of the responsibility of demonstrating that the complaint satisfies the jurisdictional

requirements that limit the types of claims the Court of Federal Claims may entertain.  *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).

In her response to the defendant's motion to dismiss, the plaintiff argues that the statute of limitations has not expired because she has alleged that the government concealed material facts, and either the statute of limitation should be tolled or the accrual of her claim suspended because of the concealment.  She claims that government counsel concealed from her the legal deficiency of her indictment and the legal impossibility of forfeiture under 18 U.S.C. § 201.  The plaintiff also argues that the Court retains jurisdiction over her claim because the illegal exaction claim is distinct from any current or prior proceedings, including her pending *coram nobis* petition, in her criminal case in the Eastern District of Virginia.  The plaintiff argues that she is not seeking reconsideration here of the district court's judicial determinations, but instead a determination of whether the forfeiture was authorized by 18 U.S.C. § 201.

The statute of limitations for claims brought to the Court of Federal Claims is six years from the date the claim accrues.  28 U.S.C. § 2501.  The Supreme Court has held that this statute of limitations sets an "absolute" deadline for a plaintiff to file a claim.  *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008).  The Federal Circuit has held that this statute of limitations begins to run "as soon as all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez v. United States*, 333 F.3d 1295, 1303-04 (Fed Cir. 2003).  "The question whether the pertinent events have occurred is determined under an objective standard; a plaintiff does not have to possess actual knowledge of all the relevant facts in order for the cause of action to accrue." *Fallini v. United States*, 56 F.3d 1378, 1380 (Fed. Cir. 1995).

Liberally construed, the plaintiff's complaint alleges that her property was subject to forfeiture at the time of her conviction in 2011, more than 14 years before she filed her complaint.  On its face, the plaintiff's complaint is untimely.  The plaintiff therefore seeks to toll the statute of limitations or invoke the accrual-suspension rule.

The statute of limitations set by 28 U.S.C. § 2501 is not subject to waiver or equitable tolling.  *John R. Sand & Gravel*, 552 U.S. at 136-39; *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380-81 (Fed. Cir. 2012); *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008).

The accrual-suspension rule suspends a limitations period "until the claimant knew or should have known that the claim existed." *Martinez*, 333 F.3d at 1319.  The plaintiff contends that this rule applies to her claim because the government allegedly concealed legal deficiencies in her indictment and the legal impossibility of forfeiture under 18 U.S.C. § 201.  At the time of the forfeiture, the plaintiff was fully aware of the circumstances of her indictment and the terms of the forfeiture order.  Those facts provided the plaintiff with all the information necessary to bring her claim.  The law does not suspend accrual merely because the plaintiff later discovered the legal implications of those facts. *Rotella v. Wood*, 528 U.S. 549, 555 (2000) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)) (ignorance of a party's legal rights does not toll the statute of limitations).  Accordingly, the accrual of the plaintiff's claim at the time of the forfeiture is not subject to suspension on the facts alleged, and her claim remains untimely.

Even if the plaintiff's claim were timely, the Court of Federal Claims lacks jurisdiction "to scrutinize the actions of another tribunal." *Earl v. United States*, 787 F. App'x 751, 752

(Fed. Cir. 2019) (per curiam).  In general, the Court of Federal Claims has no authority to review decisions of federal district courts or courts of appeals.  *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352-53 (Fed. Cir. 2015); *Allustiarte v. United States*, 256 F.3d 1349, 1352, (Fed. Cir. 2001).  Under these authorities, the Court lacks jurisdiction to consider the plaintiff's claim arising out the judicial forfeiture from her bribery conviction.  While the plaintiff argues that her claim would not require a review of the forfeiture decision, it necessarily does; the plaintiff is seeking to have the forfeiture undone, and that would require an overturning of the decision of the sentencing court.  Through a pending petition for relief before the district court in which she was convicted, the plaintiff is already pursuing the appropriate avenue of relief.  Petition for Writ of Error Coram Nobis, *United States v. Hand, et al.*, No. 2:10-cr-00154 (ECF 186 ED VA April 16, 2025).

For the foregoing reasons, the complaint fails to allege any claim within the jurisdiction of the Court of Federal Claims and must be dismissed under RCFC 12(b)(1) and 12(h)(3).

The plaintiff has requested that her claim be transferred under 28 U.S.C. § 1631 to a federal court that could properly exercise jurisdiction if the Court finds dismissal of her complaint is warranted.  Because the plaintiff is already seeking relief in the Eastern District of Virginia, transfer to that court, in which venue appropriately lies, is not in the interest of justice.

The plaintiff's illegal exaction claim arising out of her 2010 bribery conviction is untimely under 28 U.S.C. § 2501.  Even if her claim were timely, it would require the Court to review the decisions and orders of another federal court and is beyond the jurisdiction of the Court on this basis as well.

Accordingly, the motion to dismiss is **GRANTED**, and the case is **DISMISSED** under RCFC 12(b)(1) and 12(h)(3).  The Clerk is **DIRECTED** to enter judgment accordingly.  No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling

**Richard A. Hertling**
**Judge**

3